## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

BANKERS STANDARD INSURANCE COMPANY
as subrogee of Reed Miller and Karen Miller

Case No. 8:15-CV-586[MAD/RFT]

Plaintiff,

vs.

**COMPLAINT**

ICE TIME AIR CONDITIONING &
REFRIGERATION, INC.,
281 OLD MILITARY RD
LAKE PLACID, NEW YORK, 12946
                    Defendant.

-----------------------------------------------------------X

Plaintiff, Bankers Standard Insurance Company, as subrogee of Reed Miller and Karen Miller, by and through its attorneys, Cozen O'Connor, and for its Complaint against Defendant, Ice Time Air Conditioning & Refrigeration, Inc., alleges as follows:

### THE PARTIES

1.  Plaintiff, Bankers Standard Insurance Company ("Plaintiff"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania and, at all times material hereto, was authorized to do business in the State of New York as an insurance company.

2.  At all times material hereto Plaintiff insured the real and personal property owned by Reed Miller and Karen Miller located at 34 & 206 John Brown Road, Lake Placid, New York, 12946 (the "subject property" or "the Miller family home") pursuant to a homeowner's policy of insurance issued by Plaintiff to Reed Miller and Karen Miller.

3.      Defendant, Ice Time Air Conditioning & Refrigeration, Inc. ("Defendant"), is a corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 281 Military Road, Lake Placid, New York 12946 and, at all times relevant hereto, was engaged in the business of providing products and performing services, including, but not limited to, diagnostic, service and maintenance work and repairs on residential air handling units.

## JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a), as the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand ($75,000) and there is diversity of citizenship between the Plaintiff and Defendant.

5.      Venue is proper in this judicial district as the facts giving rise to Plaintiff's cause of action occurred in this judicial district.

## FACTUAL ALLEGATIONS

6.      An air handling unit ("AHU") located in the attic of the Miller family home ceased operating on March 19th 2014.

7.      Thereafter, the Defendant was called to the Miller family home on March 19th, 2014 to perform diagnostic and service work upon the AHU and to restore the operation of the AHU.

8.      When the Defendant's service technician arrived at the Miller family home to perform the diagnostic and service work he discovered a heat damaged capacitor in the control compartment of the AHU.

9.      The Defendant's service did not determine why the capacitor was heat damaged.

10.    The Defendant's service technician did not determine why the air handler unit had ceased operation.

11.    Instead of determining why the capacitor was heat damaged, and why the AHU had ceased operating, the Defendant's service technician restored the operation of the AHU by replacing the heat damaged capacitor with a capacitor which he had with him on his truck.

12.    The replacement capacitor used by Defendant's service technician to restore the operation of the AHU was improperly sized.

13.    The replacement capacitor used by Defendant's service technician to restore the operation of the AHU was not the correct type of capacitor for use with the AHU.

14.    The Defendant's service technician restored the operation of the AHU by use of an improperly sized and incorrect type of capacitor and then left the Miller family home without undertaking any action to determine why the AHU had ceased operation earlier that day.

15.    The decision of the Defendant's service technician to restore operation of the AHU with an improperly sized and incorrect type of capacitor created a dangerous condition which was both unknown to the Miller family and not foreseeable by them.

16.    In particular, the replacement of the heat damaged capacitor by the Defendant's service technician with an improperly sized and incorrect type of capacitor caused the AHU motor to overheat thereby creating a fire hazard.

17.    The decision of the Defendant's service technician to restore operation of the AHU without diagnosing why the AHU had ceased operation earlier in the day created a

dangerous condition which was both unknown to the Miller family and not foreseeable by them.

18.     In particular, the restoration of the operation of the AHU without diagnosing why the AHU had ceased operation earlier created a fire hazard in that the AHU motor overheated thereby creating a fire hazard.

19.     As a result of the actions and inactions of the Defendant's service technician's set forth above, the AHU motor overheated and caused a fire at the Miller home shortly after the Defendant's service technician left the Miller family home on March 19th, 2014.

20.     The fire caused significant damage to the subject property.

21.     The damage to the subject property was in the amount of $252,583.73.

22.     Pursuant to the terms and conditions of the homeowners policy of insurance issued by Plaintiff to Reed Miller and Karen Miller, Plaintiff adjusted the claim for damage to the subject property and paid to or on behalf of Reed Miller and Karen Miller the sum of $252,583.73 in order to remediate, repair and reimburse for the costs and expenses necessary to address the damage to the subject property.

23.     Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the homeowner's policy of insurance, Plaintiff is subrogated to all of the rights and remedies of Reed Miller and Karen Miller against the Defendant to the extent of its payments.

## AS AND FOR A FIRST CAUSE OF ACTION
## NEGLIGENCE
## PLAINTIFF V. ICE TIME AIR CONDITIONING & REFRIGERATION, INC.

24.     Plaintiff hereby incorporates by reference each and every allegation set forth above as if recited fully herein.

25.    The fire and resulting damage to the subject property were a direct and proximate result of the negligence, gross negligence, carelessness, acts or failures to act of the Defendant and its employee, acting within the course and scope of his employment, and included, but was not limited to, the following:

a) The failure to properly service the AHU;

b) The failure to hire and employ competent employees;

c) The failure to properly supervise and train its employees in the servicing of air handling units;

d) The failure to warn the Miller family of the dangers and hazards condition of the AHU after completion of the service work;

e) The installation of an incorrectly sized and improper capacitor in the AHU;

f) The failure to properly diagnose why the AHU had ceased operation;

g) The placement of the AHU back into operation while it was in a dangerous and fire hazardous condition;

h) The failure to take all necessary and reasonable precautions and actions to minimize the potential risk of damage to the Miller family and the subject property;

i) The installation of a replacement capacitor that was not in accordance with manufacturer's recommendations, specifications, installation instructions, applicable codes, industry standards of care, rules and/or regulations; and

j) The failure to otherwise exercise reasonable care under the circumstances.

26.   As a direct and proximate result of the negligent acts and/or omissions on the part of Defendant, the fire referred to above took place, resulting in damage and destruction to the subject property.

WHEREFORE, Plaintiff, Bankers Standard Insurance Company, as subrogee of Reed Miller and Karen Miller, demands judgment against the Defendant, in the amount of not less than $252,483.73, together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
### BREACH OF CONTRACT
### PLAINTIFF V. ICE TIME AIR CONDITIONING & REFRIGERATION, INC.

27.   Plaintiff incorporates by reference each and every allegation set forth above as though the same were fully set forth herein at length.

28.   For good and valuable consideration, the Miller family entered into a contract with the Defendant for the diagnostic and service work to be performed upon the AHU in the Miller family home.

29.   The contract required the Defendant to complete the diagnostic and service work in a good and workmanlike manner according to standard practices in the industry.

30.   Defendant breached its contract by the failure to diagnose and service the AHU in a good and workmanlike manner in accordance with industry standards.

31.   The conduct, actions and inactions of the Defendant which breached the contract with the Plaintiff included, but was not limited to, the following:

   a)   The failure to properly service the AHU;

   b)   The failure to hire and employ competent employees;

   c)   The failure to properly supervise and train its employees in the servicing of air handling units;

6

d) The failure to warn the Miller family of dangers and/or hazards condition of the AHU after completion of the service work;

e) The installation of an incorrectly sized and improper capacitor in the AHU;

f) The failure to properly diagnose why the AHU had ceased operation;

g) The placement of the AHU back into operation while it was in a dangerous and fire hazardous condition;

h) The failure to take all necessary and reasonable precautions and actions to minimize the potential risk of damage to the Miller family and the subject property;

i) The installation of a replacement capacitor that was not in accordance with manufacturer's recommendations, specifications, installation instructions, applicable codes, industry standards of care, rules and/or regulations; and

j) The failure to otherwise exercise reasonable care under the circumstances.

32.  As a direct and proximate result of the Defendant's breach of contract, the fire referred to above took place, resulting in damage and destruction to the subject property.

WHEREFORE, Plaintiff, Bankers Standard Insurance Company, as subrogee of Reed Miller and Karen Miller, demands judgment against the Defendant, in the amount of not less than $252,483.73, together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
## PLAINTIFF V. ICE TIME AIR CONDITIONING & REFRIGERATION, INC.

33.  Plaintiff incorporates by reference each and every allegation set forth above as though the same were fully set forth herein at length.

34.  Defendant expressly and impliedly warranted that the diagnostic and service work on AHU would be completed in a good, safe and workmanlike manner, and in accordance

with all applicable rules, regulations, ordinances, codes, statutes, and/or industry standards.

35.    The Defendant breached its express and implied warranties by the failure to complete the diagnostic and service work on the AHU in a professional, safe and workmanlike fashion.

36.    As a direct and proximate result of defendant's breaches of express and implied warranties, the fire referred to above took place, resulting in damage and destruction to the subject property.

WHEREFORE, Plaintiff, Bankers Standard Insurance Company, as subrogee of Reed Miller and Karen Miller, demands judgment against the Defendant, in the amount of not less than $252,483.73, together with interest and the cost of this action, and such other and further relief as this Court deems just and proper.

Dated:  May 13, 2015

COZEN O'CONNOR

By: *s/ Peter G. Rossi*
          Peter G. Rossi, Esquire
          Bar No.: 601379
          *Attorneys for Plaintiff*
          45 Broadway Atrium, 16th Floor
          New York, NY  10006
          TEL:  (212) 509-9400
          FAX: (212) 509-9492
          prossi@cozen.com

          OF COUNSEL:
          Daniel C. Theveny, Esquire
          Cozen O'Connor
          1900 Market Street
          Philadelphia, PA 19103
          TEL: (215) 665-4194
          FAX: 866-240-3638
          dtheveny@cozen.com